# UNITED STATES DISTRICT COURT

Eastern District of Kentucky – Central Division at Lexington

Eastern District of Kentucky
F I L E D
JUL 1 4 2017
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
| --- | --- | --- |
| v. | ) | |
| Lonnie W. Hubbard | ) | Case Number: 5:15-CR-104-SS-DCR-1 |
| | ) | USM Number: 19450-032 |
| | ) | James D. Hodge |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☒ was found guilty on count(s)  1ss-6ss, 8ss-46ss, 48ss-73ss [DE #295]
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 21:841(a)(1), (c)(2); 846 | Conspiracy to Distribute and Dispense Oxycodone and a Substance Used to Manufacture a Controlled Substance | 12/03/2015 | 1ss |
| 21:841(c)(2) and 18:2 | Aiding and Abetting the Distribution of Pseudoephedrine | 08/27/2011 | 2ss |
| 21:841(c)(2) and 18:2 | Aiding and Abetting the Distribution of Pseudoephedrine | 12/11/2012 | 3ss |
| 21:841(c)(2) and 18:2 | Aiding and Abetting the Distribution of Pseudoephedrine | 04/12/2013 | 4ss |
| 21:841(c)(2) and 18:2 | Aiding and Abetting the Distribution of Pseudoephedrine | 07/30/2013 | 5ss |

The defendant is sentenced as provided in pages 2 through __10__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)  7ss, 47ss, Original Ind. [DE #1], and Superseding Ind. [DE #236]   ☐ is  ☒ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 30, 2017
Date of Imposition of Judgment

_/s/ Danny C. Reeves_
Signature of Judge

Honorable Danny C. Reeves, U.S. District Judge
Name and Title of Judge

Date  July 14, 2017

Judgment—Page 2 of 10

DEFENDANT: Lonnie W. Hubbard
CASE NUMBER: 5:15-CR-104-SS-DCR-1

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:841(c)(2) and 18:2 | Aiding and Abetting the Distribution of Pseudoephedrine | 08/12/2013 | 6ss |
| 21:841(c)(2) and 18:2 | Aiding and Abetting the Distribution of Pseudoephedrine | 04/11/2014 | 8ss |
| 21:841(c)(2) and 18:2 | Aiding and Abetting the Distribution of Pseudoephedrine | 05/10/2014 | 9ss |
| 21:841(c)(2) and 18:2 | Aiding and Abetting the Distribution of Pseudoephedrine | 06/07/2014 | 10ss |
| 21:841(c)(2) and 18:2 | Aiding and Abetting the Distribution of Pseudoephedrine | 01/20/2015 | 11ss |
| 21:841(c)(2) and 18:2 | Aiding and Abetting the Distribution of Pseudoephedrine | 02/24/2015 | 12ss |
| 21:841(c)(2) and 18:2 | Aiding and Abetting the Distribution of Pseudoephedrine | 04/06/2015 | 13ss |
| 21:841(c)(2) and 18:2 | Aiding and Abetting the Distribution of Pseudoephedrine | 11/17/2015 | 14ss |
| 21:841(a)(1) | Distribution of Hydrocodone | 07/30/2013 | 15ss |
| 21:841(a)(1) | Distribution of Oxycodone | 05/03/2014 | 16ss |
| 21:841(a)(1) | Distribution of Oxycodone | 06/25/2014 | 17ss |
| 21:841(a)(1) | Distribution of Oxycodone | 07/23/2014 | 18ss |
| 21:841(a)(1) | Distribution of Oxycodone | 08/20/2014 | 19ss |
| 21:841(a)(1) | Distribution of Oxycodone | 02/15/2014 | 20ss |
| 21:841(a)(1) | Distribution of Oxycodone | 03/15/2014 | 21ss |
| 21:841(a)(1) | Distribution of Oxycodone | 06/25/2014 | 22ss |
| 21:841(a)(1) | Distribution of Oxycodone | 07/23/2014 | 23ss |
| 21:841(a)(1) | Distribution of Oxycodone | 08/20/2014 | 24ss |
| 21:841(a)(1) | Distribution of Oxycodone | 10/31/2014 | 25ss |
| 21:841(a)(1) | Distribution of Oxycodone | 12/01/2014 | 26ss |
| 21:841(a)(1) | Distribution of Oxycodone | 02/11/2014 | 27ss |
| 21:841(a)(1) | Distribution of Oxycodone | 03/08/2014 | 28ss |
| 21:841(a)(1) | Distribution of Oxycodone | 04/08/2014 | 29ss |
| 21:841(a)(1) | Distribution of Oxycodone | 08/07/2014 | 30ss |
| 21:841(a)(1) | Distribution of Oxycodone | 09/04/2014 | 31ss |
| 21:841(a)(1) | Distribution of Oxycodone | 10/01/2014 | 32ss |
| 21:841(a)(1) | Distribution of Oxycodone | 10/28/2014 | 33ss |
| 21:841(a)(1) | Distribution of Oxycodone | 11/25/2014 | 34ss |
| 21:841(a)(1) | Distribution of Oxycodone | 08/04/2014 | 35ss |
| 21:841(a)(1) | Distribution of Oxycodone | 08/29/2014 | 36ss |
| 21:841(a)(1) | Distribution of Oxycodone | 09/26/2014 | 37ss |
| 21:841(a)(1) | Distribution of Oxycodone | 11/24/2014 | 38ss |
| 21:841(a)(1) | Distribution of Oxycodone | 08/13/2014 | 39ss |
| 21:841(a)(1) | Distribution of Oxycodone | 09/10/2014 | 40ss |
| 21:841(a)(1) | Distribution of Oxycodone | 10/10/2014 | 41ss |
| 21:841(a)(1) | Distribution of Oxycodone | 11/10/2014 | 42ss |
| 21:841(a)(1) and 18:2 | Aiding and Abetting the Distribution of Oxycodone | 04/01/2015 | 43ss |
| 21:841(a)(1) and 18:2 | Aiding and Abetting the Distribution of Oxycodone | 04/30/2015 | 44ss |
| 21:841(a)(1) and 18:2 | Aiding and Abetting the Distribution of Oxycodone | 06/02/2015 | 45ss |
| 21:841(a)(1) and 18:2 | Aiding and Abetting the Distribution of Oxycodone | 06/17/2015 | 46ss |
| 21:841(a)(1) and 18:2 | Aiding and Abetting the Distribution of Oxycodone | 09/22/2015 | 48ss |
| 21:841(a)(1) | Distribution of Oxycodone | 05/09/2012 | 49ss |
| 21:841(a)(1) | Distribution of Oxycodone | 07/03/2012 | 50ss |
| 21:841(a)(1) | Distribution of Oxycodone | 07/10/2012 | 51ss |
| 21:841(a)(1) | Distribution of Oxycodone | 09/14/2012 | 52ss |
| 21:841(a)(1) | Distribution of Oxycodone | 10/23/2012 | 53ss |
| 21:841(a)(1) | Distribution of Oxycodone | 10/29/2012 | 54ss |
| 21:841(a)(1) | Distribution of Oxycodone | 05/10/2013 | 55ss |
| 21:841(a)(1) | Distribution of Oxycodone | 09/12/2013 | 56ss |
| 21:841(a)(1) | Distribution of Oxycodone | 04/11/2014 | 57ss |

Judgment—Page 3 of 10

DEFENDANT: Lonnie W. Hubbard
CASE NUMBER: 5:15-CR-104-SS-DCR-1

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:841(a)(1) | Distribution of Oxycodone | 11/25/2014 | 58ss |
| 21:841(a)(1) | Distribution of Oxycodone | 06/09/2015 | 59ss |
| 21:856(a)(1) | Maintaining a Drug-Involved Premises | 12/03/2015 | 60ss |
| 18:1956(h) | Conspiracy to Commit Money Laundry | 12/03/2015 | 61ss |
| 18:1957 | Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity | 04/15/2011 | 62ss |
| 18:1957 and 2 | Aiding and Abetting Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity | 11/04/2011 | 63ss |
| 18:1957 | Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity | 03/10/2012 | 64ss |
| 18:1957 and 2 | Aiding and Abetting Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity | 10/30/2012 | 65ss |
| 18:1957 and 2 | Aiding and Abetting Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity | 07/16/2013 | 66ss |
| 18:1957 and 2 | Aiding and Abetting Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity | 12/26/2013 | 67ss |
| 18:1957 and 2 | Aiding and Abetting Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity | 05/17/2014 | 68ss |
| 18:1957 and 2 | Aiding and Abetting Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity | 10/30/2014 | 69ss |
| 18:1957 and 2 | Aiding and Abetting Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity | 01/17/2015 | 70ss |
| 18:1957 and 2 | Aiding and Abetting Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity | 02/27/2015 | 71ss |
| 18:1957 and 2 | Aiding and Abetting Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity | 04/23/2015 | 72ss |
| 18:1957 | Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity | 09/04/2015 | 73ss |

Judgment — Page 4 of 10

DEFENDANT: Lonnie W. Hubbard
CASE NUMBER: 5:15-CR-104-SS-DCR-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
**Cts. 1-6, 8-14, 16-46, and 48-61: 240 Months on each Count to run concurrently with each other (but consecutive with Cts. 15 and 62-73); Cts. 15 and 62-73: 120 Months on each Count to run concurrently with each other (but consecutive with Cts. 1-6, 8-14, 16-46, and 48-61); for a total term of THREE HUNDRED SIXTY (360) MONTHS**

☒ The court makes the following recommendations to the Bureau of Prisons:

It is recommended that the defendant participate in a job skills and/or vocational training program.
It is recommended that the defendant participate in a mental health program.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 11/16) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Case: 5:15-cr-00104-DCR-HAI   Doc #: 388   Filed: 07/14/17   Page: 5 of 10 - Page ID#: 2172

Case: 5:15-cr-00104-DCR-HAI   Doc #: 388   Filed: 07/14/17   Page: 5 of 10 - Page ID#: 2172
AO 245B (Rev. 11/16) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 5 of 10

DEFENDANT: Lonnie W. Hubbard
CASE NUMBER: 5:15-CR-104-SS-DCR-1

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

**Three Years on each Count to run concurrently, for a total term of THREE (3) YEARS**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☒ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(Check, if applicable.)*
4. ☒ You shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(Check, if applicable.)*
6. ☐ You must participate in an approved program for domestic violence. *(Check, if applicable.)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: Lonnie W. Hubbard
CASE NUMBER: 5:15-CR-104-SS-DCR-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: Lonnie W. Hubbard
CASE NUMBER: 5:15-CR-104-SS-DCR-1

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit his person, residence and curtilage, office or vehicle to a search, upon direction and discretion of the United States Probation Office.

2. The defendant shall refrain from practicing as a pharmacist during the term of supervision.

3. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless he is in compliance with the installment payment schedule.

4. The defendant shall provide the probation officer with access to any requested financial information.

5. The defendant shall not purchase, possess, use, distribute or administer any controlled substance or paraphernalia related to controlled substances, except as prescribed by a physician and shall not frequent places where controlled substances are illegally sold, used, distributed or administered.

Judgment — Page __8__ of __10__

DEFENDANT: Lonnie W. Hubbard
CASE NUMBER: 5:15-CR-104-SS-DCR-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $ 7,100.00 ($100 per ct.) | $ N/A | $ Waived | $ Community Restitution Waived |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

**TOTALS**  $ _____   $ _____

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page 9 of 10

DEFENDANT: Lonnie W. Hubbard
CASE NUMBER: 5:15-CR-104-SS-DCR-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $ 7,100.00 due immediately, balance due

    ☐ not later than _____ , or
    ☒ in accordance with ☐ C, ☐ D ☐ E, or ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:
    Any outstanding balance owed upon commencement of incarceration shall be paid in accordance with the Federal Bureau of Prisons' Inmate Financial Responsibility Program. Any outstanding balance owed upon commencement of supervision shall be paid according to a schedule set by subsequent orders of the Court.
Criminal monetary penalties are payable to:
Clerk, U. S. District Court, Eastern District of Kentucky
101 Barr Street, Room 206, Lexington KY 40507

**INCLUDE CASE NUMBER WITH ALL CORRESPONDENCE**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
The property listed on the next page is condemned and forfeited to the United States of America pursuant to 18:982 and 21:853, to wit:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

DEFENDANT: Lonnie W. Hubbard
CASE NUMBER: 5:15-CR-104-SS-DCR-1

Judgment—Page 10 of 10

# ADDITIONAL FORFEITED PROPERTY

**REAL PROPERTY:**

a) Real property and residence located at 245 Schell Road, London, Kentucky, with all improvements and appurtenances thereon, in the names of Lonnie W. Hubbard and Meggan A. Hubbard, and recorded in Deed Book 675, page 502, Laurel County Clerk's Office;
b) Real property and residence located at 564 Shimmering Moon Drive, Somerset, Kentucky, with all improvements and appurtenances thereon, in the names of L.W. Hubbard and M.A. Hubbard, and recorded in Deed Book 926, page 508, Pulaski County Clerk's Office;

**VEHICLES/BOATS:**

a) 2015 GMC Denali Sierra, VIN: 1GT120EGXFF595773;
b) 2013 Mercedes C300, VIN: WDDGF8AB0DR261468;
c) 1971 Chevrolet Corvette, VIN: 194671S112497;
d) 2010 Bryant Boat, HULL Number: BRA22014A010;
e) 2008 Black Kawasaki ZX1000E, VIN: JKAZXCE168A001434;
f) 2013 Seadoo, Hull Number: YDV19278D313;
g) Trailer bearing VIN 5A7BB2126AT001173, attached to the 2010 Bryant Boat;
h) Trailer bearing VIN 1MDKNAM12FA561079, attached to the 2013 Seadoo;
i) 2013 Corvette ZR1, VIN 1G1YN2DT8D5800051;
j) 2012 Can Am Commander, VIN 3JBKGCP15CJ000229; and
k) 2014 Sea Doo, Hull YDV33435E414.

**CURRENCY/FINANCIAL ACCOUNTS:**

a) T. Rowe Price Associates, Inc., Plan ID XX3782, RX Discount of Berea 5305 SEP-IRA in the name of Lonnie Wayne Hubbard;
b) Community Trust Bank account # XXXXXX6800, in the name of RX Discount in the amount of $201,498.82;
c) Contents of Central Bank Account #XXXX4278, approximate value $58,593.52, which includes the Certificate of Deposit from Community Trust Bank in the amount of $56,000;
d) $13,210.00 in U.S. Currency from safe at 564 Shimmering Moon Drive, Somerset, KY